UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HYUNKOO KANG**<br>5431 White Heron Place<br>Oviedo, FL 32765<br><br>**EUNJUNG CHOI**<br>5431 White Heron Place<br>Oviedo, FL 32765<br><br>**JONGMIN KANG**<br>5431 White Heron Place<br>Oviedo, FL 32765<br><br>Plaintiffs<br><br>    vs.<br><br>**JEH JOHNSON**, Secretary<br>Department of Homeland Security,<br>Washington, DC  20528<br>(202) 282-8000<br><br>**ALEJANDRO N. MAYORKAS**,<br>Director of the United States Citizenship<br>and Immigration Services,<br>20 Massachusetts Avenue NW<br>Washington, DC 20529<br>(202) 272-1000<br><br>**GREGORY A. RICHARDSON**,<br>Director<br>USCIS Texas Service Center<br>4141 North St. Augustine Road<br>Dallas, TX 75227<br><br>        Defendant | Case No.:<br><br>COMPLAINT |

1

DESCRIPTION OF ACTION

1. This is an action brought by plaintiffs, HYUNKOO KANG, A205356318, EUNJUNG CHOI, A205356319 and JONGMIN KANG, A205356320, against the defendants to compel a decision on the plaintiffs' applications for adjustment of status, which have been pending with the United States Citizenship and Immigration Services since June 27, 2012.

JURISDICTION

2. This being a civil action against the United States arising under the Immigration and Nationality Act, 8 U.S.C. § 1101 et. seq., the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., all laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

DESCRIPTION OF PARTIES

3. The lead plaintiff, HYUNKOO KANG, is a citizen of the Republic of Korea, lawfully residing in the United States as a nonimmigrant pursuant to the provisions of 8 U.S.C. § 1101(a)(15)(E)(ii) at 5431 White Heron Place, Oviedo, FL 32765.

4. EUNJUNG CHOI and JONGMIN KANG are HYUNKOO KANG's spouse and child, respectively, both lawfully residing in the U.S. in derivative nonimmigrant

status pursuant to the provisions of 8 U.S.C. § 1101(a)(15)(E)(ii) at 5431 White Heron Place, Oviedo, FL 32765.

4. The defendant, JEH JOHNSON, is the Secretary of Homeland Security, and as such has the authority to adjudicate applications for adjustment of status. He resides for official purposes in the District of Columbia.

5. The defendant, ALEJANDRO N. MAYORKAS, is the Director of the United States Citizenship and Immigration Services (the "USCIS"), the agency within the Department of Homeland Security which adjudicates applications for adjustment of status. He resides for official purposes in the District of Columbia.

6. The defendant, GREGORY A. RICHARDSON, is the Director of the Texas Service Center of the United States Citizenship and Immigration Services, where plaintiffs' applications for adjustment of status are believed to be currently pending. He resides for official purposes within the State of Texas.

## BRIEF STATEMENT OF RELEVANT FACTS

7. On June 27, 2012, HYUNKOO KANG, EUNJUNG CHOI and JONGMIN KANG all filed Forms I-485, Application to Register Permanent Residence or Adjust Status ("application for adjustment of status") with the United States Citizenship and Immigration Services, for the purpose of adjusting their U.S. immigration status to that of alien

3

lawfully admitted for permanent resident pursuance to 8 U.S.C. § 1255(a)

See attached Exhibits A-C.

8. The bases for these applications was that HYUNKOO KANG was the beneficiary of a Form I-140, Immigrant Petition for Alien Worker, filed concurrently with his application to adjust status, to classify him as a professional with an advanced degree under 8 U.S.C. § 1153(b)(2), while EUNJUNG CHOI and JONGMIN KANG applied as accompanying family members under 8 U.S.C. § 1153(d).

9. On August 13, 2012, the Immigrant Petition for Alien Worker to classify HYUNKOO KANG as a professional with an advanced degree under 8 U.S.C. § 1153(b)(2) was approved, making HYUNKOO KANG, EUNJUNG CHOI and JONGMIN KANG all eligible to immediately adjust their immigration status to alien lawfully admitted for permanent residence.

10. Nevertheless, despite numerous inquiries into their status, no further action has been taken in their cases, and they remain pending.

11. At no time have the plaintiffs been provided any explanation for the lack of further action in their case, nor been told when action might be expected.

12. The USCIS's official website indicates that the Texas Service Center is currently adjudicating forms I-485 for advanced degree professionals that were filed with it on October 18, 2013. See https://egov.uscis.gov/cris/processingTimesDisplay.do (last accessed May 25, 2014).

## COUNT I

13. Defendant JEH JOHNSON, Secretary of Homeland Security, Defendant ALEJANDRO N. MAYORKAS, Director of the United States Citizenship and Immigration Services, and GREGORY A. RICHARDSON, Director of the United States Citizenship and Immigration Services' Texas Service Center, are each and all officers or employees of the United States Department of Homeland Security.

14. Defendant JEH JOHNSON, Secretary of Homeland Security, Defendant ALEJANDRO N. MAYORKAS, Director of the United States Citizenship and Immigration Services, and Defendant GREGORY A. RICHARDSON, the Director of the United States Citizenship and Immigration Services' Texas Service Center, each and all owe a duty to the plaintiffs to adjudicate their applications for adjustment of status within a reasonable period of time. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

15. The nearly 2 years in which these applications have been pending with Defendant JEH JOHNSON, Secretary of Homeland Security, Defendant ALEJANDRO N. MAYORKAS, Director of the United States Citizenship and Immigration Services, and Defendant GREGORY A. RICHARDSON, Director of

the United States Citizenship and Immigration Services' Texas Service Center, and their predecessors, is well beyond the time which these officers or employees reasonably require to adjudicate them.

16. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

17. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

## RELIEF REQUESTED

WHEREFORE it is respectfully requested that the Court find that HYUNKOO KANG, EUNJUNG CHOI and JONGMIN KANG's applications for adjustment of status have been unreasonably delayed and compel Defendant JEH JOHNSON, Secretary of Homeland Security, Defendant ALEJANDRO N. MAYORKAS, Director of the United States Citizenship and Immigration Services, and Defendant GREGORY A. RICHARDSON, Director of the United States Citizenship and Immigration Services' Texas Service Center, to adjudicate the plaintiffs' applications for adjustment of status in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 26th day of May, 2014

s/ Michael E. Piston
Michael E. Piston (MI 002)
Attorney for Plaintiff
111 Broadway,
Suite 1304
New York, NY, 10006
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com
